UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID G. TAYLOR,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

Case No. C06-5257FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
AUGUST 4th, 2006**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  When the court reviewed the petition the court noted that petitioner had only named the State of Washington.  The court ordered petitioner to either amend the petition or bring a motion to change the case caption. (Dkt. # 8).

### INTRODUCTION AND SUMMARY CONCLUSION

    Petitioner was given until June 23rd, 2006 to name a proper respondent.  Petitioner has not done so and the court lacks jurisdiction to entertain this petition.  Accordingly, the court recommends this petition be **DISMISSED.**

### FACTS

    The court gave petitioner until June 23rd, 2006 to comply with the court's order to amend

REPORT AND RECOMMENDATION- 1

his petition to name a proper respondent.  Further, the court specifically warned petitioner that failure to comply would result in a Report and Recommendation that the petition be dismissed on jurisdictional grounds.  (Dkt. # 8).

### DISCUSSION

Petitioner has not complied with the court's order to amend.  28 U.S.C. § 2243 indicates that writs are to be directed "to the person having custody of the person detained".  This person typically is the superintendent of the facility in which the petitioner is incarcerated.  Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Thus, this court lacks personal jurisdiction to entertain this petition and the petition must be dismissed.  The court recommends **DISMISSAL** of this petition on jurisdictional grounds.  This dismissal will result in petitioner needing leave from the Ninth Circuit before he files any other petition challenging his conviction or sentence as any subsequent petition would be a second petition. *See*, Ninth Circuit Rule 22-3(a).

### CONCLUSION

The court lacks jurisdiction to entertain this petition as a result of petitioner's failure to name a proper respondent.  Accordingly, the petition should be **DISMISSED.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 4th, 2006**, as noted in the caption.

Dated this 14th, day of July, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2