UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID G. TAYLOR,

    Petitioner,

    v.

DOUG WADDINGTON,

    Respondent.

Case No. C06-5257FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
March 2, 2007**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### INTRODUCTION AND DISCUSSION

Petitioner challenges his plea agreement for two counts of assault in the second degree. Having reviewed the petition, the answer, the reply, and the remainder of the record, this court concludes two of the three issues raised are procedurally barred. The third issue is without merit and the petition should be **DISMISSED WITH PREJUDICE.**

### FACTS

Petitioner challenges a 2003 Pierce County conviction. Petitioner entered a *Newton* plea and agreed to an exceptional sentence of 84 months with an additional 36 months firearm

REPORT AND RECOMMENDATION- 1

enhancement on count one.  He also agreed to a 120 month sentence on count two (Dkt. # 27, exhibit1).  Petitioner agreed the sentences would run consecutively for a total of 240 months (Dkt. # 27, exhibit 1).

The Washington State Court of Appeals summarized the facts as follows:

### I. BACKGROUND

#### A. CHARGES

On April 22, 2003, the State charged Taylor with one count of first degree assault. Response at App. B. As part of the plea agreement, the State later amended the information to include two counts of second degree assault with a firearm enhancement. Response at App. C. When it filed the amended information, the State advised the court that Taylor had agreed to an exceptional sentence of 240 months in exchange for reducing the charge from first degree assault. Response at App. E.

#### B. PLEA AGREEMENT AND OFFENDER SCORE STIPULATION

Taylor entered into a *Newton* plea agreement in which he agreed to plead guilty to the charges in the amended information and, in return, the prosecutor agreed to recommend the following sentence:

Count I—84 months and 36 month weapon enhancement
Count 2—120 month exceptional sentence – consecutive.

Response, App. D at 4.

In addition, Taylor agreed that unless he provided a statement indicating otherwise, the prosecutor's statement of his criminal history was correct and complete. [Court's Footnote 2: "The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete." PRP, App. C at 3.] Taylor further stipulated that this criminal history and scoring were correct; that his resulting offender score, which included his current offenses, was 11; and that "none of the above criminal history convictions have 'washed out' under [RCW 9.94A.360(2)] unless specifically so indicated." PRP at App. D. He also waived his "right to appeal or seek redress via any collateral attack based upon the above stated criminal history and/or offender score calculation." PRP at App. D.

(Dkt. # 27, exhibit 2).

### PROCEDURAL HISTORY

A. Direct Appeal.

Petitioner filed a direct appeal. (Dkt. # 27, exhibit 3).  Because the plea agreement Specifically waived petitioners' right to appeal the appeal was placed in a file without further action and petitioner was informed on February 23, 2004 that no action would be taken on his appeal (Dkt.

REPORT AND RECOMMENDATION- 2

# 27, exhibit 4). Petitioner then filed a motion to withdraw his direct appeal and that motion was granted. (Dkt. # 27, exhibits 5 and 6). Petitioner did not seek any further review on direct appeal.

### B. First Personal Restraint Petition.

Petitioner filed his first Personal Restraint Petition on April 9, 2004 (Dkt. # 27, exhibit 8). He raised the following issues in that petition:

1. Ineffective assistance of counsel.
2. Double Jeopardy.
3. Due Process in calculation of his offender score.
4. Due Process in receiving an exceptional sentence.
5. Dishonored Plea Agreement.

(Dkt. # 27, exhibit 8). The Washington State Court of Appeals dismissed the petition on December 17, 2004 (Dkt. # 27, exhibit 2).

Petitioner moved for an extension of time to file a motion for discretionary review (Dkt. # 27, exhibit 12). His motion was denied on January 3, 2005 (Dkt. # 27, exhibit 13). No motion for discretionary review was filed.

### C. Second Personal Restraint Petition.

On February 14, 2005, petitioner filed his second Personal Restraint Petition. This petition was filed in the Washington State Supreme Court (Dkt. # 27, exhibit 15). He raised the following issues in that petition:

1. The sentencing court exceeded its authority by imposing an exceptional sentence of 120 months. This is an argument pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).
2. The sentencing court allowed petitioner to enter into an unconstitutional plea agreement in violation of the Double Jeopardy clause of the Fifth Amendment.
3. Ineffective assistance of counsel.

(Dkt. # 27, exhibit 15). The petition was stayed, pending a court decision in another case (Dkt. # 27, exhibit 17). Petitioners' second petition was ultimately dismissed (Dkt. # 27, exhibit 19). The court specifically found the last two grounds raised by petitioner to be procedurally barred. They were

REPORT AND RECOMMENDATION- 3

barred because they had been raised in prior petitions and would not be reconsidered. The court also held <u>Blakely</u> does not apply retroactively (Dkt. # 27, exhibit 19). Petitioner moved to modify the ruling (Dkt. # 27, exhibit 20). The motion was denied November 1, 2005 (Dkt. # 27, exhibit 21).

      <u>D. Third Personal Restraint Petition</u>.

Petitioner filed a third petition in the Washington State Supreme Court in December of 2005 (Dkt. # 27, exhibit 23). He raised the following issues in that petition:

    1.    Did the sentencing court exceed its authority when the court sentenced Petitioner above the standard range and ignore[d] a United States Supreme Court decision that was announced almost 3 years before my sentencing?

    2.    Did the sentencing court exceed its authority, when it sentenced Petitioner above the 10 year statutory maximum for the crime?

(Dkt. # 27, exhibit 23). The Washington State Supreme Court denied the petition.[1] Petitioner filed a motion to modify the ruling and that motion was denied. (Dkt. # 27, exhibit 27 and 28).

Petitioner then filed his federal habeas corpus petition (Dkt. # 5). He raises the following grounds for relief:

    1.    Trial by jury violation.

        Petitioner was sentenced to 240 months and the jury did not hear facts that increased the sentence past the statutory maximum.

    2.    Fifth Amendment Double Jeopardy Violation.

        Petitioner was convicted and sentenced for the same crime twice, on the same date.

    3.    Ineffective assistance of counsel.

        Council [sic] advised Petitioner to plead an unconstitutional plea.

(Dkt. # 5, pages 5, 6 and 8).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional

---

[1] Respondent cites to Dkt. # 27 exhibit 26 but this exhibit is not in the file. The court has exhibit 25 and exhibit 27. It is clear the petition was denied as petitioner filed a motion to modify.

REPORT AND RECOMMENDATION- 4

law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

REPORT AND RECOMMENDATION- 5

1.      Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Respondent contends the second and third grounds raised in this petition, one dealing with Fifth Amendment Double Jeopardy claims and one dealing with ineffective assistance of counsel are exhausted but procedurally barred. (Dkt. # 26, page 7). Respondent is correct. Petitioner did not file a motion for discretionary review from either his direct appeal denial, or his first Personal Restraint Petition. When the state court addressed the second Personal Restraint Petition, it specifically refused to consider these two grounds on the merits. The state court found these two grounds procedurally barred (Dkt. # 27, exhibit 19).

2.      Procedural Bar.

Normally, a federal court faced with an unexhausted or mixed petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Now, however, petitioner is barred from filing another petition in state court as any attempt to file another petition will be deemed successive and time barred. See, RCW 10.73.090 and 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice," or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor, external to the defense, prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply

REPORT AND RECOMMENDATION- 6

failed to raise his issues in timely appeals or petitions in state court. While petitioner argues he was not given enough law library time, he fails to show actual prejudice.  Thus, petitioner cannot show cause that excuses his procedural default in state court.  Accordingly, the second and third issues in this petition are procedurally barred and should not be considered.

      3.      <u>Apprendi/Blakely claims</u>.

Petitioner argues he was sentenced to ten years beyond the statutory maximum (Dkt. # 5, page 5 and 6).  This argument is premised on petitioner being guilty of only one count of second degree assault, a class B felony (Dkt. # 27, exhibit 27).  Petitioner argues the statutory maximum for a class B felony in Washington State is ten years (Dkt. # 27, exhibit 27).  This is petitioners' *Apprendi* argument.

This argument ignores the fact that petitioner agreed to plead guilty to two counts of second degree assault.  He was originally facing one count of first degree assault (Dkt. # 27, exhibit 2).  First degree assault in Washington State, with petitioners' offender score of 11, has a range of 300 to 378 months (Dkt. # 27, exhibit 2, page5). Petitioner agreed to plead to two counts of a lesser crime and agreed to a sentence of 240 months.

Further, respondents note:

> Mr. Taylor does not present a <u>Blakely</u> argument that the 120 month exceptional sentence for Count II was outside of the standard range of 63 to 84 months without findings of fact by a jury. Instead, he focuses on the fact that he received greater that the statutory maximum sentence for a class B felony. <u>See</u> Exhibit 27.
>
> The Washington Court of Appeals decision denying Mr. Taylor's double jeopardy claim was not contrary to or an unreasonable determination of clearly established federal law. The Washington Court of Appeals determined that Mr. Taylor's claim that the amended information charging two counts of second degree assault subjected him to double jeopardy failed. Exhibit 2 at 5. The court determined as follows:
>
> The double jeopardy provisions in the state and federal constitution protect citizens from multiple punishments for the same crime. U.S. Const. amend V, WASH. CONST. art I, sec 9; *In re Davis*, 142 Wn.2d 165, 171 (2000). But here, Taylor bargained for a much lesser sentence in exchange for pleading guilty to two counts of second degree assault. The standard range for first degree assault with an offender score of 11 is 300 – 378 months. [Court's footnote 3: The standard range sentence for first degree assault is 240 -318 months.

REPORT AND RECOMMENDATION- 7

> RCW 9.94A.525(9). The firearm enhancement is an additional 60 months. RCW 9.94A.533(3)(a).] Under the plea agreement, Taylor pleaded guilty to two second degree assaults and received a lower sentence of 240 months. Response at App. A.
>
> The circumstances here are similar to those in *Breedlove*, 138 Wn.2d 298 (1999), where the Supreme Court upheld the imposition of an exceptional sentence based on the parties stipulation and the invited error doctrine. Petitioner may not set up an error and then complain about it in a personal restraint petition. *Breedlove*, 138 Wn.2d at 312.
>
> Like *Breedlove*, Taylor's *Newton* plea was intelligent, voluntary, and made with the understanding of its consequences. Further, the bargained for plea constitutes an affirmative action on Taylor's part that permits the application of the invited error doctrine. *See In Re Thompson*, 141 Wn.2d 712, 723 (2000)("The doctrine appears to require affirmative actions by the defendant."). Therefore, the invited error doctrine and the terms of the plea agreement waiving collateral attack preclude reaching the merits of Taylor's claim of double jeopardy. *See also State v. Majors*, 94 Wn. 2d 354, 358 (1980).

(Dkt. # 26, pages 14 and 15). Respondent concludes that if there is no Double Jeopardy violation there is no Apprendi violation. The court concurs. Mr. Taylor could have received up to ten years on each count of second degree assault, and, that is what he was given. The petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 2, 2007** as noted in the caption.

Dated this 31 day of January, 2007.

/S/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 8